
FILED
MAR 16 2020
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ISHMIRE AMIL TWINE,**

    Plaintiff,

v.                                                             Civil Action No. **3:18CV887**

**ROBERT SCOTT,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In his Particularized Complaint, Plaintiff complains that Defendants failed to properly calculate and execute his sentence. Plaintiff demands monetary damages. By Memorandum Order entered on September 24, 2019, the Court directed Plaintiff to show cause within fifteen (15) days of the date of entry thereof why his action is not barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and related cases. (ECF No. 9, at 1.) Specifically, the Court stated that:

> In *Heck*, the Supreme Court emphasized that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. The Supreme Court then held that:
> 
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
> 
> *Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

> dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.
>
> In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:
>
>> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.
>
> *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).
>
> Plaintiff contends that Defendants have miscalculated his sentence. Success on that claim "would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 82. Accordingly, within fifteen (15) days of the date of entry hereof, Plaintiff is DIRECTED to explain why his action is not legally frivolous under *Heck* and related cases.

(*Id.* at 1–2.)

More than fifteen (15) days have elapsed since the entry of the September 24, 2019 Memorandum Order and Plaintiff has not responded. Plaintiff's current claims necessarily demonstrate the invalidity of the duration of his confinement. Plaintiff fails to demonstrate his sentence has been invalidated. As such, his claims are legally frivolous under *Heck* and related cases. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE AS LEGALLY FRIVOLOUS. *See* 28 U.S.C. § 1915(e)(2).

An appropriate order will accompany this Memorandum Opinion.

/s/ 
M. Hannah Lauck
United States District Judge

Date: March 16, 2020
Richmond, Virginia